# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

January 20, 2023

*By the Court:*

|  | UNITED STATES OF AMERICA, |
|---|---|
|  | Plaintiff - Appellee |
| No. 22-1690 | v. |
|  | DAQUWON RICHARDSON, |
|  | Defendant - Appellant |
| **Originating Case Information:** ||
| District Court No: 1:19-cr-00365-JMS-TAB-1 ||
| Southern District of Indiana, Indianapolis Division ||
| District Judge Jane Magnus-Stinson ||

On December 20, 2022, we ordered Theodore J. Minch, counsel for appellant Daquwon Richardson, to show cause for his "persistent failure to comply with filing requirements and deadlines." See Appeal Nos. 16-3153, 20-1266, 20-2572, 21-3379, 21-1008, and 22-2181. Our order was prompted by Mr. Minch's failure to timely file paper copies of his reply brief on November 21, December 6, and December 16. This was the latest instantiation of Mr. Minch's refusal to comply with the rules and orders of this court.

Mr. Minch responded to our December 20 order by pointing to the press of other matters and family issues. That response is insufficient: paper copies were due to be received in this court by December 16, not postmarked by that date. And given Mr. Minch's lengthy history of noncompliance, his invocation of his other cases is unconvincing.

Moreover, Mr. Minch's performance in this appeal falls short of what is expected of those who appear before us. Mr. Minch's opening brief did not identify the correct standard of review. Even after the government's brief pointed out that error, Mr. Minch's reply reiterated, without explanation, the same arguments

made in the opening brief. Mr. Minch also did not brief two potentially meritorious issues: whether the district court considered only the materials it was permitted to under *Shepard v. United States*, 544 U.S. 13 (2005), when evaluating the applicability of the Armed Career Criminal Act, and whether the obstruction enhancement contains a materiality requirement when applied for an attempt to suborn perjury. Lastly, by omitting the portions of the sentencing transcript related to his sentencing arguments, Mr. Minch failed to comply with Circuit Rule 30, contrary to his signed attestation that he had.

Theodore J. Minch is therefore **ORDERED** to show cause why he should not be subject to professional discipline—including but not limited to monetary sanctions, removal from the roll of attorneys appointed by this court pursuant to the Criminal Justice Act, and removal from the bar of this court—for his repeated failure to comply with the rules and orders of this court and for his failure to professionally litigate on behalf of his client. See Fed. R. App. P. 46(b), (c). Mr. Minch's response is due within 21 days of this order.

form name: **c7_Order_BTC**    (form ID: **178**)