---

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

---

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 17, 2023

**Before**

FRANK H. EASTERBROOK *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1690

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana. |
| | |
| *v.* | No. 1:19-CR-365-JMS-TAB-1 |
| | |
| DAQUWON RICHARDSON, | Jane Magnus-Stinson, |
| *Defendant-Appellant*. | *Judge.* |

## O R D E R

On December 20, 2022, we ordered Theodore J. Minch, counsel for appellant Daquwon Richardson, to show cause for his "persistent failure to comply with filing requirements and deadlines." That order was prompted by Mr. Minch's failure to timely file paper copies of his reply brief. This was just the latest instantiation of Mr. Minch's dogged refusal to comply with the rules and orders of this court.

Mr. Minch regularly ignores deadlines to file paper copies of briefs. In Appeal No. 16-3153, Mr. Minch failed to file a notice of appeal on behalf of his client. He then failed to file the required transcripts, resulting in an order to show cause. He then failed to timely file an opening brief, resulting in a second order to show cause. When he did

file an opening brief, the paper copies were not timely filed. Neither were the paper copies of his reply brief.

In Appeal No. 20-1266, Mr. Minch failed to file paper copies of both his opening and reply briefs. In both instances, the clerk's office issued a deficiency notice setting a new deadline for filing the paper copies. That new deadline was likewise ignored.

In Appeal No. 20-2572, Mr. Minch failed to timely file paper copies of his opening brief. The paper copies were due on December 11, 2020. The Clerk's Office issued a deficiency notice on December 22, extending the deadline to December 29. Because the paper copies had still not been received, the Clerk's Office emailed Mr. Minch on January 26 to find out where the paper copies were. Mr. Minch said that the paper copies would be sent that week. They were not received until February 11. Having taken nothing away from that experience, Mr. Minch then failed to timely file paper copies of his reply brief. Those copies were due on March 5, a deadline extended in a March 22 deficiency notice to March 29. Paper copies were not received until April 20. Separately, we issued Mr. Minch an order to show cause for his failure to file the sentencing transcript in that case—he was challenging the sentence imposed, see Cir. R. 30. We discharged that order without further mention after a timely response was received.

In Appeal No. 21-3379, we issued an order to show cause to Mr. Minch for his failure to prosecute the appeal. That was resolved when Mr. Minch filed an opening brief—one that omitted the requisite short appendix. Yet again, paper copies of the opening brief were not timely filed. Neither was Mr. Minch's reply brief, nor the paper copies thereof. Indeed, paper copies of the reply brief were never filed.

In Appeal No. 22-1008, Mr. Minch was ordered to file an amended jurisdictional statement. Upon his failure to do so, we issued an order to show cause for. Mr. Minch failed to timely respond to our order, so we issued a second order to show cause. We then discharged both orders without further action. Mr. Minch once again failed to timely file paper copies of the opening brief in that case, and he filed no reply brief whatsoever.

In Appeal No. 22-2181, Mr. Minch failed to timely file paper copies of the opening brief, then missed the revised deadline set in the Clerk's deficiency notice. And in Appeal No. 22-2771, Mr. Minch failed to file a notice of appeal on behalf of his client notwithstanding his obligation to do so. In sum, none of Mr. Minch's ten most recent appeals—all of them as appointed counsel—has been error-free.

Mr. Minch responded to our December 20 order noting this lengthy pattern and practice with an insufficient response: the press of other matters and family issues resulted in his missing the deadline to file paper copies of briefs in this case.

On January 20, 2023, after oral arguments in this case, we issued another order to show cause to Mr. Minch. Noting that his response to our December 20 order was, given his repeated misconduct, unconvincing, we directed Mr. Minch to explain "why he should not be subject to professional discipline." We explained that the catalyst for that order was, in addition to the persistent and continual violation of court orders, serious deficiencies in Mr. Minch's representation of Mr. Richardson. Our published opinion in this appeal has more on that score. We gave Mr. Minch 21 days to respond to our January 20 order.

Because past is prologue, Mr. Minch failed to comply. He still has not filed a response to our order. Action is therefore necessary to protect litigants and the authority and dignity of this court.

Under Rule 46(c) of the Federal Rules of Appellate Procedure, we may suspend, disbar, or discipline a member of our bar "for conduct unbecoming a member of the bar." This standard has been broadly construed to mean "conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts[] or conduct inimical to the administration of justice." *In re Snyder*, 472 U.S. 634, 645 (1985). Sanctions decisions "should be carefully tailored to the circumstances of the particular situation." *United States v. Stillwell*, 810 F.2d 135, 136 (7th Cir. 1987). Several factors are relevant, including the duty to protect litigants and the court from counsel's neglect or misfeasance, the need to deter similar conduct, and the effect of the sanction on the lawyer involved. *Id.*; see also *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 825 (7th Cir. 2019) (explaining the special need for sanctions when counsel's unbecoming conduct affects other litigants or misleads the court).

In light of all of the foregoing, it is therefore **ORDERED** that:

Theodore J. Minch is sanctioned $1,000. Within fourteen days of the date of this order, the Mr. Minch must tender a check payable to the clerk of this court for the full amount of the sanction. In addition, Mr. Minch is suspended from the bar of this court for one year. Upon conclusion of that suspension and upon payment of the aforementioned sanction, Mr. Minch may seek readmission. It is also ordered that, should Mr. Minch be readmitted to practice before us, he shall not be appointed pursuant to the Criminal Justice Act unless and until he has demonstrated a willingness and ability to comply with the orders of this court.

The clerk of this court is directed to transmit a copy of this order to the Indiana Supreme Court Disciplinary Commission.

SO ORDERED